IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Patricia Ann Thomas, | ) | C/A No. 3:20-1333-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| SC Department of Mental Health, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Patricia Ann Thomas, a self-represented litigant, filed this employment discrimination action. Thomas files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for an order on Thomas's motion to amend the Complaint (ECF No. 34) and Report and Recommendation on Defendant South Carolina Department of Mental Health's (the Department) motion for partial judgment on the pleadings (ECF No. 26). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Thomas of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the Department's motion. (ECF No. 27.) Having reviewed the parties' submissions and the applicable law, the court finds that the Department's motion for partial judgment on the pleadings should be granted. Thomas's motion to amend is granted in part and denied in part.

## BACKGROUND

The following allegations are taken as true for purposes of resolving the pending motions. Thomas began working at the South Carolina Department of Mental Health in February 2013. Thomas filed an internal complaint within the Department about a pay disparity in January 2017, and another internal complaint in August 2017 alleging a hostile work environment. In October

2017, Thomas filed a charge of discrimination with the South Carolina Human Affairs Commission alleging race discrimination and retaliation.  (Def.'s Mot. Ex. A, ECF No. 26-2 at 2.)  In that charge, Thomas asserted she was paid unequal wages and treated unfavorably compared to white employees beginning in December 2016 when she was reassigned to a new position.  She also asserted in the charge that she was discriminated against in retaliation for having previously filed a charge of discrimination against the Department.  Thomas received a right to sue letter on July 30, 2018 for her October 2017 charge.

On November 27, 2018, the Department accused Thomas of stealing money due to a billing dispute and harassed and intimidated Thomas over the accusation until January 7, 2019 when Thomas was placed on probation.  Thomas's employment was terminated on February 11, 2019.  That same day, Thomas filed another charge of discrimination with the South Carolina Human Affairs Commission.  (Def.'s Mot. Ex. B, ECF No. 26-3 at 2.)  In the charge, Thomas asserted that she was retaliated against for previously filing charges of discrimination against the Department.  Thomas asserted the retaliation occurred from November 27, 2018 and took the form of intimidation, harassment, discipline, and termination.

Thomas filed this action on April 7, 2020.  The court authorized service of process in this matter and construed the Complaint as asserting claims of race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.; 42 U.S.C. § 1981 and 42 U.S.C. § 1981a; and the South Carolina Human Affairs Law, S.C. Code Ann. §§ 1-13-10 et seq.

# DISCUSSION

A.   **The Department's Motion for Partial Judgment on the Pleadings**

The Department moves for a judgment on the pleadings as to all of Thomas's causes of action except for the Title VII retaliation claim based on adverse action that occurred after April 17, 2018.  Thomas concedes that the Department's motion should be granted.  (Pl.'s Resp., ECF No. 33 at 1.)

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings after the pleadings are closed.  A motion for judgment on the pleadings should be granted when, viewing the facts in the light most favorable to the non-moving party, there remain no genuine issues of material fact, and the case can be decided as a matter of law.  Tollison v. B & J Machinery Co., 812 F. Supp. 618, 619 (D.S.C. 1993).  In considering a motion for judgment on the pleadings, the court applies the same standard as for motions made pursuant to Rule 12(b)(6).  Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009).  However, the court may also consider the defendant's answers.  See Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014); see also Void v. Orangeburg Cty. Disabilities & Special Needs Bd., Civil Action No. 5:14-cv-02157-JMC, 2015 WL 404247, at *2 n.1 (D.S.C. Jan. 29, 2015).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible when the

factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Having reviewed the Department's motion, the court agrees, for the reasons stated in the Department's motion, that the South Carolina Human Affairs Law does not provide a private cause of action, the Department is not a "person" amenable to suit pursuant to 42 U.S.C. § 1981, and Thomas's Title VII claims based on her 2017 charge of discrimination would be untimely. Consequently, the Department's motion for partial judgment on the pleadings should be granted. Thus, Thomas's only remaining claim would be one for retaliation under Title VII based on the allegations in her 2019 charge of discrimination.

**B.     Thomas's Motion to Amend the Complaint**

Thomas moves to amend the Complaint to add a hostile work environment claim pursuant to Title VII; a claim for wrongful termination under the Patient Protection and Affordable Care

Act of 2010; and state law claims of retaliation, breach of contract, and breach of implied covenant of good faith and fair dealing.  The Department argues the motion should be denied because the claims are meritless, and therefore, amendment would be futile.  See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) ("Under Rule 15 of the Federal Rules of Civil Procedure, a court should freely give leave when justice so requires.  Although such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.") (internal citations and quotation marks omitted).

As to the Title VII claim, Thomas's proposed amended complaint alleges that the Defendant's accusations about stealing money, threats of termination, and harassing conduct created a hostile work environment.  The Department argues that such a claim is futile because Thomas did not exhaust her administrative remedies for such a claim.  Specifically, the Department argues Thomas's 2019 charge of discrimination did not allege a hostile work environment or assert any facts that would have naturally revealed such a claim following a reasonable investigation. The court disagrees.

Without deciding whether Thomas properly exhausted her hostile work environment claim through her 2019 charge, Thomas's hostile work environment claim is not *clearly* unexhausted on its face.  See Johnson v. Oroweat Foods Co. 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.")  Thomas's 2019 charge indicates she was intimidated, harassed, and subjected to retaliation for previously filing a charge of race discrimination.  Those allegations mirror the allegations of the hostile work environment claim Thomas raises in her

proposed Amended Complaint.[1] See Smith v. First Union Nat. Bank, 202 F.3d 234, 247 (4th Cir. 2000) ("A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit.  If a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit.") (citations omitted).  Therefore, Thomas's hostile work environment claim is not *clearly* insufficient or frivolous, and justice requires that she be allowed to amend the Complaint to add a Title VII hostile work environment claim.[2]

As to Thomas's purported claim of wrongful termination pursuant to Section 6402(a) of the Patient Protection and Affordable Care Act of 2010, 42 U.S.C. § 1320a-7k(d) (relating to overpayments of Medicare or Medicaid funds), Thomas claims the Department accused her of stealing money through false billing practices only after she reported the Department for violating this statute.  The Department argues, and the court agrees, that Thomas's proposed amendment is futile because § 1320a-7k(d) does not provide a private cause of action for individuals who were purportedly damaged by violations of this section.  See § 1320a-7k(d)(3) (providing that violations of this section are enforceable by the United States pursuant to 31 U.S.C. § 3729 through civil penalties).

As to Thomas's state law claims of retaliation pursuant to S.C. Code Ann. § 8-27-20 (providing for a civil action in state circuit court for whistleblowers who have been retaliated against), breach of contract, and breach of implied covenant of good faith and fair dealing, the

---

[1] (Pl.'s Proposed Am. Compl., ECF No. 34-2 at 8-9.)

[2] The Department also argues that to the extent Thomas seeks to add a retaliation claim based on acts of retaliation that occurred before April 17, 2018, such an amendment would be futile because the claims would be untimely.  Because Thomas's proposed amended complaint does not raise any retaliation claims based on actions occurring prior to that date, the court need not address this argument.

Department argues, and the court agrees, that Thomas's amendment would be futile because such claims would be barred by the State of South Carolina's immunity under the Eleventh Amendment.[3]  The Eleventh Amendment bars suits for damages by citizens against non-consenting states brought either in state or federal court.  See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890).  Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997).  While sovereign immunity does not bar suit where a state has given consent to be sued, where the plaintiff seeks prospective injunctive relief, or where Congress abrogates the sovereign immunity of a state, see Pevia v. Hogan, 443 F. Supp. 3d 612, 631 (D. Md. 2020); none of those exceptions applies in the instant case.  Accordingly, Thomas's proposed amendment as to her state law claims would be futile because they are barred by the Eleventh Amendment.

## RECOMMENDATION

Based on the foregoing, the court recommends that the Department's motion for partial judgment on the pleadings as to each claim except for Thomas's Title VII retaliation claim be granted.  (ECF No. 26.)

Further, it is hereby

---

[3] To the extent Thomas's claim pursuant to the Patient Protection and Affordable Care Act of 2010 can be construed as a state law claim for wrongful termination in violation of public policy, the claim would also be barred by the Eleventh Amendment.

**ORDERED** that Thomas's motion to amend is granted as to her Title VII hostile work environment claim,[4] but denied as futile as to her remaining claims.

Consequently, if the court's recommendation is adopted, the only remaining claims in this matter would be Thomas's claims for retaliation and hostile work environment pursuant to Title VII.[5]

**IT IS SO ORDERED.**

February 1, 2021
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[4] Thomas's motion is granted in part without prejudice to the Department's ability to raise failure to exhaust as a defense at a later stage of litigation.

[5] The Clerk of Court is directed to docket Thomas's proposed amended complaint as the Amended Complaint in this matter. Pursuant to this Order, only the allegations pertaining to Thomas's claims for retaliation and hostile work environment under Title VII are being permitted to proceed.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).