IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Patricia Ann Thomas, | ) | C/A No. 3:20-1333-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| SC Department of Mental Health, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This employment discrimination action brought by Patricia Ann Thomas, a self-represented litigant, is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for an order on Plaintiff's various discovery motions (ECF Nos. 30, 47, 48, 49, & 57) and her motion to amend or correct the Amended Complaint (ECF No. 66).

**I.    Motions for Discovery**

    **A.    Motion to Compel (ECF No. 30)**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff seeks to compel Defendant to produce documents responsive to Plaintiff's Amended Requests for Production No. 8, which requested audits performed on Plaintiff's work.  (ECF No. 30 at 1-2; ECF No. 30-1 at 15.)

After conferring with Plaintiff, Defendant has agreed to produce several specific documents requested by Plaintiff, including Clinical Service Notes with personally identifying information redacted, quarterly and state audits of Plaintiff's work, corrective action plans that apply to Plaintiff, training records, and counseling warnings.  (ECF No. 36 at 3-4.)  However, Defendant refuses to produce forty-five medical charts sought by Plaintiff because, Defendant argues, they are full electronic medical records for patients that are confidential, not relevant to the

lawsuit, and protected by the Health Insurance Portability and Accountability Act ("HIPPA").[1] (Id. at 4.)

Plaintiff argues the Clinical Service notes should not be redacted because she needs access to patients' entire records to prove her case. Plaintiff also argues that the forty-five medical charts are relevant to her claims. (ECF No. 45 at 3-4.)

Plaintiff's motion to compel is granted, except to the extent she seeks unredacted medical records. Defendant must produce the Clinical Service Notes, quarterly and state audits of Plaintiff's work, corrective action plans that apply to Plaintiff, training records, counseling warnings, and the forty-five medical charts, to the extent any of these items have not already been produced. The Clinical Service Notes and forty-five medical charts must have personally identifying information redacted in accordance with Federal Rule of Civil Procedure 5.2 (privacy protection for filings made with the court) and are subject to the court's contemporaneously issued confidentiality order. Defendant shall produce these documents within fourteen (14) days from the date of entry of the confidentiality order.

B.    **Motion to Serve Additional Interrogatories (ECF No. 47)**

Plaintiff seeks leave of the court to serve additional interrogatories on Defendant pursuant to Federal Rule of Civil Procedure 33(a)(1). Plaintiff argues that "former supervisors" can provide relevant and material evidence to support her case. (ECF No. 47 at 2.) The motion is denied. Plaintiff has not explained with any specificity what further information she seeks or from whom she seeks it, why the answers already provided by Defendant are insufficient, or specifically how it will be relevant to her claims. See generally 8B Charles Alan Wright & Arthur R. Miller, Federal

---

[1] Defendant does not specifically explain which provisions of HIPPA preclude production in this litigation.

Practice & Procedure § 2168.1 (3d ed. Oct. 2020) (stating that a party seeking leave to serve additional interrogatories should provide "some articulable reason for the need").

Plaintiff also asks the court to order Defendant to serve a statement pursuant to Rule 33(b)(5) signed by Defendant's agent showing the agent assisted in responding to the interrogatories. (ECF No. 47 at 1.) Defendant responds that it has now sent such a verification to Plaintiff. (ECF No. 54 at 3.) Therefore, Plaintiff's request is moot.

### C.     Motion to Serve Interrogatories to Current Employee (ECF No. 48)

Plaintiff seeks leave of the court to serve interrogatories on an employee of Defendant, Monica McKiver, a former supervisor of Plaintiff. (ECF No. 48 at 1.) As Defendant points out, (ECF No. 54 at 5), interrogatories may only be served on parties to the litigation, not fact witness, even if they are officers or employees of a corporate party. See Fed. R. Civ. P. 33(b)(1)(B); 8B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2171 (3d ed. Oct. 2020) ("Thus interrogatories may not be addressed to an officer of a corporate party who is not also a party to the suit. The interrogatories must be addressed instead to the corporation and it may designate who will answer for it."). Thus, Plaintiff's motion is denied.

### D.     Motion to Disclose (ECF No. 49)

Plaintiff sought an employee's address from Defendant (ECF No. 49), but Plaintiff has now withdrawn the motion because Defendant provided it (ECF No. 55 at 7).

### E.     Motion to Depose (ECF No. 57)

Plaintiff seeks leave to depose unidentified "former supervisors" by written questions pursuant to Federal Rule of Civil Procedure 31(a)(2) due to the COVID-19 pandemic. (ECF No. 57.) However, as Defendant points out (ECF No. 59 at 3), Plaintiff has not yet complied with the

notice provisions of Rule 31(a)(3), nor has she identified which parties she seeks to depose. Thus, the motion is denied without prejudice.

## II.     Motion to Amend

Plaintiff, who recently amended her complaint with the court's leave (ECF No. 61), seeks to amend or correct the Amended Complaint, purportedly to raise three new retaliation claims based on suspension without pay, "increased scrutiny," and wrongful termination. (ECF No. 66; ECF No. 66-1 at 8-13.) As Defendant points out (ECF No. 69 at 3), Plaintiff already asserts a retaliation claim based on "investigation," suspension, and termination. (Am. Compl., ECF No. 64 at 10.) Therefore, Plaintiff's motion to amend is denied as futile. See Foman v. Davis, 371 U.S. 178, 182 (1962).

**IT IS SO ORDERED**.

March 10, 2021  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE