

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PATRICIA ANN THOMAS,<br>　　　　Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 3:20-1333-MGL-PJG<br>§<br>§<br>§ |
| SC DEPARTMENT OF MENTAL HEALTH,<br>　　　　Defendant. | §<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S PARTIAL MOTION FOR
JUDGMENT ON THE PLEADINGS**

Plaintiff Patricia Ann Thomas (Thomas) filed this lawsuit as a job discrimination action against her former employer, SC Department of Mental Health (the Department). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court grant Department's motion for partial judgment on the pleadings as to each claim except for Thomas's Title VII retaliation claim. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 1, 2021, Thomas filed her "Response to [the] Court's Report and Recommendation" on February 10, 2021, and the Department filed its reply on February 24, 2021. Thereafter, Thomas filed her reply to the Department's reply on March 4, 2021.

In Thomas's submissions, she offers no objections to the Report. In fact, in her March 4, 2021, reply, she states that she "did not object to the Report[,]" and that "the Report should be adopted." Thomas's Reply at 1.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the Department's motion for partial judgment on the pleadings as to each claim except for Thomas's Title VII retaliation claim is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 28th day of April, 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Thomas is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.