

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PATRICIA ANN THOMAS,<br>　　　　Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 3:20-1333-MGL-PJG<br>§<br>§<br>§ |
| SC DEPARTMENT OF MENTAL HEALTH,<br>　　　　Defendant. | §<br>§<br>§ |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Patricia Ann Thomas (Thomas), an African-American woman, filed this lawsuit as a job discrimination action against her former employer, Defendant SC Department of Mental Health (the Department). She is representing herself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court grant the Department's motion for summary judgment on Thomas's retaliation and hostile work environment claims. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 26, 2021, and Thomas filed her objections and a motion for leave to file for Fed. R. Civ. P. 60 (b) relief on November 15, 2021.  The Department filed its reply to the objections on November 29, 2021, and its response to the motion on December 15, 2021.  Thomas filed supplemental objections to the Report on December 8, 2021, and December 27, 2021.

The Department filed its reply to the supplemental objections on December 29, 2021.  And, on January 26, 2022, the Department filed a reply to the Court's Order to address Thomas's contention the Department treated a similarly situated white woman, Kim Jackson (Jackson), less harshly for her billing mistakes than it treated Thomas.  Thereafter, on February 15, 2022, Thomas filed a sur-reply to the Department's reply.

The Court has carefully considered all of Thomas's objections and arguments, but holds them to be without merit.  It will therefore enter judgment accordingly.

Concerning Thomas's argument the Department treated Jackson less harshly for her billing mistakes than it treated Thomas, as evidence, Thomas cites to two Corrective Action Plans for the Waccamaw Center, where Thomas worked.  Those Corrective Action Plans mention several problems at the Waccamaw Center; and they list both Thomas and Jackson as responsible persons for the problems.  The Department eventually terminated Thomas, but not Jackson.

As an initial matter, the Court notes Thomas failed to make this argument to the Magistrate Judge.  Nevertheless, as per binding Fourth Circuit precedent, a litigant such as Thomas "must be permitted to raise before the [C]ourt any argument as to [this] issue that [she] could have raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir.1992).  And, "the question of whether to consider [additional] evidence rests within the sound discretion of the district court." *Doe v. Chao*, 306 F.3d 170, 183 n.9 (4th Cir. 2002).  Thus, the Court is required to consider

2

this argument and, in its discretion, it has decided to consider the evidence Thomas has presented on this issue.

In the Department's reply to this objection, it explains that "Jackson was only noted on the Corrective Action Plan issued to the center because she was one of the care coordinators who worked there, along with [Thomas]. The Corrective Action Plan is representative of the entire center and not any one individual employee." The Department's January 26, 2022, Reply at 2-3 (citation omitted). The Department provides an affidavit from Marti Landrum (Landrum), the manager of the Department's care coordinators, as evidentiary support for this explanation. *See* Landrum's Affidavit ¶¶ 8,9.

In addition, as per Landrum, "Thomas' individual audits revealed patterns of major mistakes which led [Landrum] to submit a Compliance Reporting Form requesting a Focus Audit be done on her work." *Id*. ¶ 12. Landrum also states that she "noted on the Compliance Reporting Form that [Thomas] had received extensive remedial training on the billing procedures and her supervisor had reviewed the quarterly audits with her and given her one-on-one training on how to improve." *Id*.

Landram also attests that Thomas "had at least two documented disciplinary notes for billing issues yet she did not improve. . . . [T]he Focus Audit found extensive errors in [Thomas's] billing, resulting in [the Department] having to pay $11,275.00 back to" the South Carolina Department of Health and Human Services. *Id*. (citation omitted). According to Landrum, the Department "did not conduct a Focus Audit of . . . Jackson's work because the routine audits did not reveal a pattern of major mistakes leading[ ] to paybacks." *Id.* ¶ *13*.

Therefore, inasmuch as the evidence Thomas has presented fails to establish the Department treated a similarly situated white woman less harshly for her billing mistakes than it treated Thomas, the Court will overrule this objection.

In much of the rest of Thomas's objections, she has neglected to bring any specific objections to the Report. Instead, she offers nothing more than non-specific objections.

This Court is not required to conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court reviews the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

The Court has found no clear error.  And, because it agrees with the Magistrate Judge's analysis in her comprehensive and well-reasoned Report, it need not repeat the discussion here.  Consequently, the Court will overrule Thomas's remaining objections and accept the Magistrate Judge's recommendation that the Department's motion for summary judgment be granted.

Further, inasmuch as the Magistrate Judge warned Thomas of the consequences of failing to file specific objections, Report at 16, she has waived appellate review of those portions to which she failed offer specific objections. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

Concerning Thomas's motion for leave to file for relief from the Report under Fed. R. Civ. P. 60(b), "Rule 60(b) provides that a 'final judgment' may be set aside . . . if the judgment is the product of 'mistake, inadvertence, surprise, or excusable neglect.'" *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 130 (4th Cir. 2020) (quoting  Fed. R. Civ. P. 60(b)(1)).  But, the Report is not a final judgment.  Therefore, because Rule 60(b) is inapplicable to the Report, the Court will deny Thomas's motion for leave.

The rest of Thomas's objection are so lacking in merit as not to require any discussion.  Hence, the Court will overrule them as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Thomas's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that the Department's motion for summary judgment is **GRANTED** and Thomas's motion for leave to file for relief under Rule 60(b) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 8th day of March, 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

Thomas is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.

5