

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

PATRICIA ANN THOMAS,           §
              Plaintiff,        §
                                §
vs.                             §    CIVIL ACTION NO. 3:20-1333-MGL
                                §
                                §
SC DEPARTMENT OF MENTAL HEALTH, §
              Defendant.        §

**MEMORANDUM OPINION AND ORDER
DENYING BOTH PLAINTIFF'S FED. R. CIV. P. 60(B) MOTION
AND HER REQUEST FOR ADDITIONAL LIMITED DISCOVERY**

## I.   INTRODUCTION

Plaintiff Patricia Ann Thomas (Thomas), an African-American woman, filed this lawsuit as a job discrimination action against her former employer, Defendant SC Department of Mental Health (the Department).  Thomas is representing herself.

Pending before the Court is Thomas's motion to set aside the Court's March 8, 2022, judgment in favor of the Department, in accordance with Rules 60(b)(2) and 60(b)(3) of the Federal Rules of Civil Procedure.  In the alternative, Thomas requests additional limited discovery.

Having considered the motion and the request, the response, the replies, the record, and the applicable law, the Court will deny the motion and the request for additional discovery.

## II.  STANDARD OF REVIEW

"Properly applied[,] Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments.  In other words[,] it should be broadly construed to do

substantial justice, yet final judgments should not be lightly reopened." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2nd Cir. 1986) (citations omitted) (internal quotation marks omitted).

For a movant to successfully bring a Rule 60(b) challenge to a prior judgment, she must first meet four threshold requirements and then satisfy one of the six enumerated grounds for relief from a judgment. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). The four threshold requirements are "(1) timeliness, (2) a meritorious [claim or] defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Id*.

"After a party has crossed this initial threshold, [she] then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire and Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).

Under Rule 60(c)(1), "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons . . . (2), and (3)[,] no more than a year after the entry of the judgment[.]"

### III.     FACTUAL AND PROCEDURAL HISTORY

The Court will employ a chart to set forth some of the relevant factual and procedural history of this case:

| | |
|---|---|
| **August 6, 2021** | At a meeting of the governing body of the Department, after being asked "if clinicians are given feedback following [department] audits[,]" Dr. Lynelle Reaves (Reaves), Director of Quality Management and Compliance, Division of Medical Affairs, stated that, "after an audit[,] there is a detailed written report and a post audit conference is held with the director, compliance officer, and supervisor. They are required to complete a corrective action plan |

|  |  |
|---|---|
|  | [(CAP)] on standards that are under 90%." Exhibit A, Thomas's Motion. |
| **January 26, 2022** | Defendants filed the Declaration of Marti Landrum (Landrum), who was Thomas's supervisor, stating that a CAP "is issued to the entire center and not to individuals." Landrum's Declaration ¶ 8. Landrum also says that "[t]he CAP notes "Responsible Person(s)" to improve the performance of the centers. . . . Responsible Person(s) . . . were all of the care coordinators who worked at the Waccamaw Center." *Id.* ¶ 9. |
| **March 8, 2022** | The Court granted summary judgment against Thomas and entered judgment in favor of the Department. |
| **October 6, 2022** | Thomas says she discovered the August 6, 2021, evidence, which she claims contradicts Landrum's January 26, 2022, declaration. |
| **December 5, 2022** | According to Thomas, her informal brief in a related case was due at the Fourth Circuit. |
| **February 8, 2023** | Over four months after Thomas discovered the August 6, 2021, evidence, she filed her motion to set aside judgment pursuant to Fed. R. Civ. P. 60(b)(2) & (3). |

After Thomas filed her motion, the Department filed its response in opposition to the motion, and Thomas filed her reply in support. She also filed two replies to the Court's interrogatory asking how she obtained the August 6, 2021, evidence. She states she obtained it during a computer search. *See* https://scdmh.net/wp-content/uploads/2021/09/Commission-Minutes-8.6.2021-APPROVED.pdf (last accessed June 5, 2023).

The Department also filed a reply to the Court's interrogatory asking it to explain whether it thought Landrum's January 6, 2022, declaration and Reaves's August 6, 2021, statement were contradictory. Thomas filed a reply to the Department's reply.

The Court, having been fully briefed on the relevant issues, will now adjudicate Thomas's motion and request.

IV.     **DISCUSSION AND ANALYSIS**

Earlier in this lawsuit, Thomas argued the Department treated a similarly situated white woman, Kim Jackson (Jackson), less harshly for her work-related billing mistakes than it treated Thomas. Thomas cited to two CAPs for the Waccamaw Center, where Thomas worked, as evidence. Those CAPs mention several problems at the Waccamaw Center; and they list both Thomas and Jackson as responsible persons for the problems. The Department eventually terminated Thomas, but not Jackson.

The reader will recall that Defendants filed the Declaration of Landrum on January 26, 2022, in which she stated that a CAP "is issued to the entire center and not to individuals." Landrum's Declaration ¶ 8. Landrum also said that "Responsible Person(s) . . . were all of the care coordinators who worked at the Waccamaw Center." *Id*. ¶ 9.

Relying on Landrum's declaration, the Court concluded that Jackson was noted on the CAP issued to the center because she was one of the care coordinators who worked there, along with Thomas. The Court's reliance on the declaration also led to the Court's determination that the Corrective Action Plan is representative of the entire center and not any one individual employee. Consequently, the Court concluded the CAP evidence Thomas presented failed to establish the Department treated a similarly situated white woman, Jackson, less harshly for her billing mistakes than it treated Thomas.

Thomas, however, interprets Reaves's August 6, 2021, statement as saying CAPs are issued to individual employees. This, she maintains, contradicts the Declaration of Landrum and would support her similarly-situated argument regarding discrimination.

### A.     *Whether Thomas's motion is timely*

Before the Court can consider whether Thomas's Rule 60(b) motion under either subsections (b)(2) or (b)(3) has any merit, it must first determine whether she has satisfied the threshold requirements set forth above in *Wells Fargo Bank, N.A.*, 859 F.3d 295: "(1) timeliness, (2) a meritorious [claim or] defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Id*. at 299.

Thomas argues her motion is timely inasmuch as she filed it within the one-year time limitation. The Department disagrees.

There are at least two problems with Thomas's timeliness argument. First, it appears the August 6, 2021, evidence presented in her Rule 60(b) motion was publically available well before the Court entered its March 8, 2022, judgment in this case. Although "the movant bears the burden of showing timeliness." *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016), Thomas has failed to suggest why she was unable to learn about the August 6, 2021, evidence much sooner than she did.

Thomas says she discovered the information on October 6, 2022, during a computer search. But, there is no suggestion it had been unavailable well before then. In fact, Thomas has not even attempted to argue that the August 6, 2021, evidence was not online, or otherwise not publicly available, before the Court entered judgment on March 8, 2022, likely because she is unable to credibly do so.

Thus, her failure to offer any good explanation as to why she failed to come forward with this evidence earlier is fatal to her Rule 60(b) claim. *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (The movants' "proffered evidence has been publicly available since well before the district court entered judgment in this case. The [movants'] proffered a chain of emails

5

that were available online . . . six months before judgment was entered in this case. . . . The [movants] presented no explanation for their failure to come forward with this evidence prior to the district court's dismissal. . . . [Thus,] the district court did not err in denying the [movants'] motion to alter or amend the order.").

Put another way, because the August 6, 2021, evidence was apparently publically available well before the Court entered judgment in the case, Thomas is unable to show she is entitled to Rule 60(b) relief.

As an aside, the Court notes that "[t]he Wayback Machine is an online digital archive of web pages. *Valve Corporation v. Ironburg Inventions Ltd.*, 8 F.4th 1364, 1374 (Fed. Cir. 2021) (citation omitted) (internal quotation marks omitted). It can be used "as a source of information to determine when a Web reference was first made available to the public." *Id.* (citation omitted) (internal quotation marks omitted). The "contents of webpages available through the Wayback Machine" constitute "facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* (citation omitted) (internal quotation marks omitted).

In an unpublished opinion, the D.C. Circuit Court of Appeals agreed with the *Valve Corporation* court on this issue. *See New York v. Meta Platforms, Inc.*, No. 21-7078, 2023 WL 3102921, at *10 (D.C. Cir. 2023). And, of course, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

The district court in *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713 (N.D. Fla. 2019), observed that "[n]umerous courts including [district courts in Florida, California, Michigan, Massachusetts, and Oregon], have taken judicial notice of web pages available through the WayBack Machine." *Id*. at 716 (collecting cases).

In addition, a court is this circuit has concluded Wayback Machine evidence is admissible. *See OptoLum, Inc. v. Cree, Inc*., 490 F.Supp.3d 916, 938 (M.D.N.C., 2020) ("[T]here are several

ways [the Wayback Machine evidence] could be admissible[.]"). *But see, Weinhoffer v. Davie Shoring, Inc.*, 23 F.4th 579, 583-84 (5th Cir. 2022) (holding the district court abused its discretion in taking judicial notice of facts based on an archived webpage from the Wayback Machine).

As per the Wayback Machine, the August 6, 2021, evidence has been online since October 2, 2021, almost five months before the Court entered its March 8, 2022, judgment in this case. https://web.archive.org/web/20230000000000*/https://scdmh.net/wp-content/uploads/2021/09/Commission-Minutes-8.6.2021-APPROVED.pdf (last accessed June 6, 2023).

Nevertheless, inasmuch as the Court has not relied on this information to determine that Thomas's Rule 60(b) motion is untimely, it need not determine whether it is appropriate to take judicial notice of the Wayback Machine information.

The second problem with Thomas's timeliness argument, even if the Court were somehow to assume the August 6, 2021, evidence was unavailable to Thomas until October 6, 2022, is that she still waited over four months after she discovered the evidence before she filed her February 8, 2023, Rule 60(b) motion.

Thomas seems to mostly ignore the fact that [a] motion under Rule 60(b) must be made within a reasonable time[,]" Fed. R. Civ. P. 60(c), not simply filed within one year of the Court's judgment.  Contrary to Thomas's apparent belief that all Rule 60(b) motions filed within one year of the dismissal are timely, "the one-year period represents an extreme limit, and the motion will be rejected as untimely if not made within a 'reasonable time,' even though the one-year period has not expired."  *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir.1996) (citation omitted) (internal quotation marks omitted).

Thomas half-heartedly seems to try to explain away the time she discovered the "new evidence" on October 6, 2022, to December 5, 2022, as time she spent working on her informal brief for the Fourth Circuit in a related case.  Even if the Court agreed that she had accounted for that time window, however, it was still two more months before she filed her Rule 60(b) motion.

"There is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion; courts have found periods of as little as a few months unreasonable, and have found periods of as long as three years reasonable." *Sudeikis v. Chicago Transit Authority*, 774 F.2d 766, 769 (7th Cir.1985). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir.1981).

Applying the facts of this case to those factor, Thomas filed this lawsuit on April 7. 2020, over three years ago. "It is for the public interest and policy to make an end to litigation, or, . . . that suits may not be immortal, while men are mortal." *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 425 (1923) (citation omitted) (internal quotation marks omitted). Thomas lost in this lawsuit. In the interest of finality, it is well past time to take note and move on.

Thomas offers no good reason for the long delay in both learning of the publically available evidence and the filing her motion. And, of course the Department is prejudiced by having to continue to litigate a case that the Court closed on March 8, 2022, well over a year ago.

Simply stated, Thomas's failure to articulate any persuasive reason for the above-detailed delays is detrimental to her request to set aside the Court's judgment.

  **B.**  ***Whether Thomas has established that she has a meritorious claim***

Thomas also contends she has a meritorious claim. Again, Defendant disagrees.

Assuming Thomas's motion had been timely filed, which it was not, the Court then would need to decide whether she has established the threshold requirement of "a meritorious [claim or] defense[.]" *Wells Fargo Bank, N.A.*, 859 F.3d at 299.

As the Court noted above, at the August 6, 2021, meeting of the governing body of the Department, after being asked "if clinicians are given feedback following the audits[.]" Reaves stated that, "after an audit[,] there is a detailed written report and a post audit conference is held with

8

the director, compliance officer, and supervisor. They are required to complete a [CAP] on standards that are under 90%." Exhibit A, Thomas's Motion. Then, on January 26, 2022, Defendants filed the Declaration of Marti Landrum (Landrum) stating that a CAP "is issued to the entire center and not to individuals." Landrum's Declaration ¶ 8.

Thomas claims these two statements are contradictory. But, the Court is unconvinced.

For Thomas to be correct, Reaves's statement that "[t]hey are required to complete a [CAP] on standards that are under 90%[,]" Exhibit A, Thomas's Motion, must refer only to individual clinicians such as herself. But, a more natural reading of the statement is that "they" refers instead to the clinicians as a group. That said, one can easily assume the clinicians receive both individual and group feedback during this process. Accordingly, Thomas has failed to show she has a meritorious claim.

* * * * *

As the Court observed above, the four threshold requirements are "(1) timeliness, (2) a meritorious [claim or] defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A.*, 859 F.3d at 299.

The Court has determined above that Thomas fails to meet the timeliness and meritorious claim factors. It also decided in the discussion of the timeliness factor discussion above that "the Department is prejudiced by having to continue to litigate a case that the Court closed on March 8, 2022, well over a year ago." Order at 9. Thus, she is also unable to satisfy the lack of unfair prejudice factor. She has also neglected to set forth any exceptional circumstances that would make the granting of her motion proper.

Thus, the Court easily concludes Thomas has failed to carry her burden of satisfying the four threshold requirements before filing her Rule 60(b) motion. As such, the Court will deny Thomas's requested relief.

9

And, inasmuch as this is a dispositive determination, there is no reason for the Court to discuss and analyze the parties' remaining arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States*, Inc., 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

V. **CONCLUSION**

Therefore, based on the foregoing discussion and analysis, it is the judgment of the Court Thomas's motion to set aside the Court's March 8, 2022, judgment in favor of the Defendant must be **DENIED**.

Further, inasmuch as Thomas has failed to present any persuasive legal or factual basis for the Court to properly grant her petition for additional limited discovery. that request is also **DENIED**.

**IT IS SO ORDERED**.

Signed this 6th day of June, 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

Thomas is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.